Jack **TOBACK**, Brenda **Milliner**, Solomon **Milliner**, Plaintiffs,

v.

William **BRATTON**, in his official capacity as Police Commissioner of the City of New York, the New York City Police Department, and the City of New York, Defendant.

No. 95 Civ. 1108(WK).

United States District Court, S.D. New York.

Oct. 25, 1995.

Kevin J. McGill, Clifton, Budd & DeMaria, New York City, for plaintiffs.

Lisa S.J. Yee, Corporation Counsel of the City of New York, New York City, for defendant.

*MEMORANDUM AND ORDER*

WHITMAN KNAPP, Senior District Judge.

In this case, plaintiffs, street evangelists, are seeking a declaratory judgment and a permanent injunction invalidating Section 10–108 of New York City's administrative code ("Section 10–108") that requires them to pay $29.00 per day for sound amplification permits. Defendants now move for summary judgment. For the reasons that follow, defendants' motion is denied.

***BACKGROUND***

Section 10–108 of the Administrative Code of the City of New York, entitled **Regulation of Sound Devices or Apparatus**, provides, in pertinent part:

(h) **Fees.** Each applicant for a permit issued under this Section shall pay a fee of twenty-nine dollars for the use of each such sound device or apparatus for each day, provided, however, that permits for the use of such sound devices or apparatus shall be issued to any bureau, commission, board or department of the United States government, the state of New York, and the city of New York without fee.

(i) **Exceptions.** The provisions of this Section shall not apply to the use or operation of any sound device or apparatus by any church or synagogue on or within its own premises in connection with the religious rites or ceremonies of such church or synagogue.[1]

Plaintiff Toback ("Toback") is a street evangelist who has preached on the streets of New York City for the last eight years. He uses a portable sound system in connection with his sidewalk outreaches, and preaches only on Mondays and Tuesdays. Regardless of the number of days covered by any of the numerous permits which have been issued to Toback, it takes defendants anywhere from 10 minutes, according to plaintiff, to one hour, according to defendants, to process his application. The cost to Toback for this ranges between $232.00 for an eight day permit and $290.00 for a ten day permit.

Plaintiffs Brenda and Solomon Milliner ("the Milliners") have been street preachers for many years. Unlike Toback, until the last week of February, 1995, they had never been required to obtain a permit for the use of their amplifier. At that time, they were advised that they needed to obtain a permit in order to continue using their amplifier. Since the Milliners used their amplifier five days a week, the cost of a permit at $29.00 a day was beyond their reach. What they previously had been doing free of charge would now cost them about $7,000 per year.

We issued a temporary restraining order as to plaintiff Toback on March 13, 1995. In April, the complaint was amended to add the Milliners, and the temporary restraining order was extended to include them in May.

Under these orders, plaintiffs are allowed to pay a monthly fee of $29.00 for all days covered by their permits until there should be a final disposition of this matter.

## DISCUSSION

Defendants argue that summary judgment as a matter of law is appropriate for two reasons. First, they argue that Section 10–108 does not violate the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, which grants a statutory "claim or defense to persons whose religious exercise is substantially burdened by government." 42 U.S.C. § 2000bb(b)(2). In order for the RFRA to apply, a particular citizen must show that a sincerely held religious belief or practice has been substantially burdened by governmental action. Once the citizen has established that such a burden exists, it is the responsibility of the government to show that its action furthers a compelling interest in the least restrictive way. 42 U.S.C. § 2000bb–1(b). *See Campos v. Coughlin* (S.D.N.Y.1994) 854 F.Supp. 194.

The defendants argue that the RFRA does not apply to this case because the compelling interest test set out in the statute does not require exemptions from a generally applicable law that is neutral on religion. Rather, it applies only where a system of individual exemptions already exists. In such a case, the government "may not refuse to extend that system to cases of 'religious hardship' without compelling reason." *Employment Division v. Smith* (1990) 494 U.S. 872, 884, 110 S.Ct. 1595, 1603, 108 L.Ed.2d 876. In this case, defendants argue that Section 10–108 is a law generally applicable to anyone who wants to use a sound amplifier, and is neutral on religion. As such, the compelling interest test codified in the RFRA does not apply to Section 10–108.

Defendants' second argument for summary judgment is that Section 10–108 does not violate the First Amendment's prohibition against prior restraints of speech. In *United States Labor Party v. Codd* (2d Cir.1975) 527

---

**1.** The cost of a permit for the use of amplified sound used to be $5.00 for each day covered by the permit. However, effective July 1, 1990, the administrative code was amended and the cost of the permit was increased to the current $29.00 per day.

F.2d 118, 119, the Second Circuit found that the then–$5.00 permit fee was "far exceeded" by the "administrative costs associated with the enforcement of the licensing ordinance." Defendants argue that although the fee has since been raised to $29.00 a day, an analysis performed by the Police Department in 1990 supports the proposition that the fee is still less than the actual expenses incurred by the defendants in administering and enforcing the permitting requirements. Because the fee is reasonably related to the costs of administering the permit system, defendants contend, it is narrowly tailored to accomplish the legitimate goal of protecting citizens from unwelcome and excessive noise, and thus meets the constitutional requirements for prior restraints of speech.

Before we can discuss the questions of law presented by the defendants' arguments, we would have to consider what questions of fact exist. The lynch pin of defendants' argument that the permit fee requirement does not violate the First Amendment, for example, is that the fee is reasonably related to the costs of processing the permit. Although defendants have submitted extensive calculations made by the Police Department or persons on its behalf, those calculations were not made by the Almighty, and are therefore subject to challenge by plaintiffs in this lawsuit. Moreover, as far as we can determine, none of the defendants have ever explored the possibility of issuing permits in the manner proscribed by our temporary restraining orders.

In addition, plaintiffs argue that Section 10–108 violates the Free Exercise clause, as well as the Freedom of Speech clause of the First Amendment, in that it exempts synagogues and churches from the fee requirement, but not street evangelists like plaintiffs. Defendants have made no answer to that argument, and we find that underlying questions of fact remain on this issue.

Accordingly, without ruling on any questions of law, we deny defendants' motion for summary judgment, finding underlying questions of material fact in dispute, and refer this case to Magistrate Judge Dolinger, who has already been designated, to oversee discovery.

SO ORDERED.